## WOOD v. TIPTON COUNTY.

COUNTIES. *Character of the corporation. Liability for neglect of its officers. Extent of its liability generally. Public Road.* Where damage is sustained by reason of a failure to keep a public bridge in repair; *Held,* that the county is not liable.

### FROM TIPTON.

Appeal from the Circuit Court. THOS. J. FLIPPIN, Judge.

BATE & SMITHEAL for complainant.

No counsel for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Wood sued the County of Tipton in the Circuit Court thereof for failing to keep a bridge in repair, whereby a mule of plaintiff's was damaged. Defendant demurred to the declaration upon the ground that Tipton county is not such a corporation as can be made liable by law for damages, for injuries caused by reason of a public bridge being out of repair.

The demurrer was sustained and the suit dismissed. Plaintiff has appealed.

The power of County Courts over roads, bridges, etc., is a prerogative of sovereignty delegated by the Constitution to the County Court. Each county is declared by statute to be a corporation, and the justices of the County Court are the representatives of

Wood *v.* Tipton County.

the county, and authorized to act for it. The County Court, within the powers precribed by the Constitution and laws, is the legislature for the people of the county, and bears a relation to the people of the county analogous to that which the General Assembly bears to the people of the State. Within their prescribed sphers · the counties legislate for the public good, in respect to ordering the laying out of roads, building bridges, and such other local improvements as are for the public benefit, and authorized by law. They are no more liable to be sued for neglect of the duty of its officers than is the State for similar neglect of duty by its officers. The common law gives no such action, and it is therefore not sustainable at all, unless given by the statute: Cooley's Con. Lim., 247. We have no statute subjecting counties to suits for damages arising from neglect of the county officers. The county is declared a corporation to facilitate the execution of the powers delegated to it as a local legislature, and to enable it to make binding contracts, and to be liable to suit for just claims arising under such contracts. But this is the extent to which, as corporations, counties can be sued.

· There is no error in the judgment of the court below, and the same is affirmed.