12L 157
4pi 332

MAYOR AND ALDERMEN OF KNOXVILLE *v.* JAMES W. BELL.

1. CORPORATIONS, MUNICIPAL. *Liability for not keeping streets in repair.* Municipal corporations are liable in civil actions for injuries to per- ·sons sustained by neglect or failure to keep the streets in a safe con- dition.

2. PRACTICE. *Charge of court.* If the charge be defective, but no in- struction is asked in the court below,. beyond such as were given, the objection will not prevail when made, for the first time, in the Supreme Court.

FFOM KNOX.

Appeal in error from the Circuit Court of Knox county.    S. A. RODGERS, J.

L. A. GRATZ for Knoxville. ·

HENDERSON & JOUROLMON and T. A. R. NELSON for Bell.

COOKE, Sp. J., delivered the opinion of the court.

This action was instituted by Bell against the Mayor and Aldermen of Knoxville, seeking to recover damages

for personal injuries alleged to have been sustained by him, by reason of a pile of broken bricks and rubbish, which it is alleged, the defendant below carelessly and negligently suffered and permitted to be and remain in and upon one of the public streets of Knoxville, and over which the horse of the plaintiff, while riding along said street at night, stumbled and fell, throwing the plaintiff upon the ground and falling upon him, whereby he was greatly bruised, wounded and injured, etc. Upon a plea of not guilty there was a trial, and verdict and judgment rendered against the defendants, its motion for a new trial overruled, and appeal to this court.

For the plaintiff in error it is insisted, in the first place, that the control and supervision, repair, etc., of public streets by municipal corporations is such a public duty imposed by law upon them, and performed by them without advantage to the municipality in such a sense as that no civil or pecuniary liability can accrue to individuals for injuries sustained by reason of their failure to repair, or neglect in causing or permitting obstructions to remain upon public streets. An earnest and elaborate argument has been made in support of that position. The contrary doctrine has been too long and too well settled in Tennessee, now to admit of question. The well considered cases of the *Mayor and Aldermen of Memphis* v. *Lasser*, 9 Hum., 757, in which the opinion was delivered by Judge McKinney, and of the *Mayor and City Council of Nashville* v. *Brown*, 9 Heis., 1, by Chief Justice Nicholson, and of *Niblet* v. *Mayor and City Council of Nashville*, 12 Heis., 684,

by Judge Freeman, have established the doctrine that municipal corporations are liable in civil actions for injuries to persons sustained by reason of their neglect or failure to keep their streets in a safe condition for persons traveling or passing the same, too firmly now to be shaken. It would, therefore, be unnecessary to consider the authorities to which we have been referred by the learned and able counsel who represents the plaintiff in error. The same line of argument was pursued and the principal authorities relied upon to sustain it, in the cases above cited.

There was testimony in the cause tending to show that the obstruction over which the horse of the defendant in error fell, had been placed upon the street by a tenant of the adjacent premises, that it had remained there from thirty-six hours to four or five days, there being a conflict of testimony in regard to that matter. That one of the aldermen of the city lived near to the place where the obstruction was upon the street. That he had the day before the accident seen bricks being carried into the street at that place, but also saw some person engaged in hauling them away. That the defendant in error was riding a horse along the street in a canter or gallop, going his usual route from his place of business in the city to his home in the country, at about the hour of ten o'clock at night. That it was very dark, and that he had no girth or fastening to his saddle, and the reason he was riding rapidly was that a storm was coming up and he was anxious to get home and escape it, and that his horse running upon this pile of broken bricks and debris,

fell and threw the defendant in error, and fell upon his leg, which was seriously bruised and cut, etc. That the obstruction consisted of from one and a half wheelbarrow loads to one and a half cart loads of broken brick, and that the person who was seen hauling bricks away was hauling the sound bricks and leaving the broken ones.

The court charged the jury "that the defendants below have charge of the public streets of Knoxville, and it is their duty to keep the same in reasonable repair for the use of the public traveling over them. If the streets should get out of repair, or obstructions be placed in them dangerous to the use of the streets, of which defendants have actual or constructive notice, and are allowed to remain so for an unreasonable length of time, this would be negligence on the part of defendants. And if an injury be occasioned thereby, to persons passing over them, in the ordinary way and free from negligence on their part, defendants are liable for damages resulting from such negligence and injuries. That if the plaintiff received injuries as charged in his declaration, by reason of the negligence of the defendants in failing to keep the streets of Knoxville in proper repair and free from obstructions, and without contributory negligence on his part, he is entitled to recover. If the plaintiff received injuries, which were the result of negligence on his part, which was the principal and proximate cause of the same, then he could not recover in this action," etc.

It is insisted that this charge is erroneous. First, because the defendant not having itself made the ob-

Mayor and Aldermen of Knoxville *v.* Bell.

struction in the street, must have had actual notice of its being there, or it must have remained there a sufficient length of time to raise the presumption that the defendant had notice of it, and that it was the duty of the court to instruct the jury specifically as to what would constitute notice to the defendant of the obstruction.

The court, as we have seen, did instruct the jury, in substance, that the defendant must have actual or constructive notice of the obstruction, and allow it to remain for an unreasonable length of time after such notice, before it would be liable for an injury resulting from it. This was a charge correct, at least, as far as it went, directly upon the question presented by the record, and there was nothing in it that we can see calculated to mislead the jury. No other or further instruction was requested by the defendant, and while the proposition now insisted on as to what it would require to constitute constructive notice, is undoubtedly correct, and if requested it would have been error to have refused it, yet if the defendant was content with the charge as delivered, and asked for no other, we cannot now be heard to complain of it.

In the case of *Southerland* v. *Shelton,* 12 Heis., 374, this court said, Judge Freeman delivering the opinion: "It is said the court failed to instruct the jury as to the proper measure of damages. The charge of the court is defective on this subject, but as *no* instructions were requested in the court below, beyond such as were given, we cannot allow this objection to prevail when now made for the first time. This rule has

11—VOL. 12.

been too long settled for discussion. It is based upon sound principle that this court will not reverse only for *affirmative* error of the court below." See also 6 Heis., 269; 9 Heis., 27; 4 Heis., 403; 8 Hum., 40.

It is also objected that the court failed to give the jury specific instructions in regard to contributory negligence of the plaintiff, and especially in regard to the effect of such negligence in mitigation of damages. The same rule applies equally to this as to the last objection.

It is again urged that the evidence does not sustain the verdict, and a new trial should be granted for that reason.

Without attempting to weigh the testimony or to determine which way the preponderance is, it is sufficient to say that there is evidence in the record upon which the verdict can rest, and, in accordance with the well established rule of this court, it will not be disturbed unless for positive error in the charge.

It is further said that the damages are excessive. The verdict was for $1,000, of which $250 was remitted. The testimony tended to show that while there were none of the plaintiff's bones broken, he was very greatly bruised and cut; that he suffered very great pain; that he was compelled to go upon crutches for about six weeks, and was disabled from performing such manual labor as he had been accustomed to perform before, and up to the time of the trial had not entirely recovered. The court expressly instructed the jury that they could not give examplary damages in such a case, and while we should have been entirely satisfied with a less amount, yet we see no re-

versible error in the record, and as the circuit judge was satisfied to permit the verdict to stand, after the remittitur had been entered, we cannot disturb it.

The exceptions to the Referees report will therefore be sustained, and the judgment of the circuit court affirmed.