The Metropolitan Government of Nashville and
Davidson County, Tennessee

*v.*

Phebe Cooper Allen.

415 S.W.2d 632.

(*Nashville,* December Term, 1966.)

Opinion filed April 7, 1967.

Petition for Rehearing Denied June 6, 1967.

CHARLES E. GRIFFITH, III, Assistant Metropolitan Counsel, Nashville, for plaintiff in error.

HENRY DENMARK BELL, Nashville, for defendant in error.

Mr. Chief Justice Burnett delivered the opinion of the Court.

This action was brought for damages incurred by the defendant in error when she slipped or fell on an allegedly loose step located within the right-of-way of Jones Avenue in an area of Davidson County known as Old Hickory. As a result of this fall the trial judge without the intervention of a jury rendered a verdict in favor of the defendant in error. The Metropolitan Government appealed. All questions are stipulated, and the only question for our determination is whether or not the Metropolitan Government of Nashville and Davidson County, Tennessee, "is immune from tort liability for injuries incurred as a result of the negligent construction of its street and sidewalks which are located in the area outside of the former City of Nashville, but within the area of Davidson County, which is now known as the General Services District outside the Urban Services District of the Metropolitan Government of Nashville and Davidson County."

This question is indeed very interesting, and in addition to the able briefs filed on both sides, we have spent some time in making an independent investigation of the authorities. After having done so, we have reached a conclusion which will hereinafter be stated.

The obvious argument and contention on behalf of the Metropolitan Government is that by its creation the liability imposed upon the Metropolitan Government in districts outside of what was formerly the City of Nashville has not been changed and that the immunity of counties for tort liability for an accident that happens on the streets and sidewalks in the area outside of the former City of Nashville applies to the Metropolitan Gov-

ernment as it formerly applied to that part of Davidson County outside the City of Nashville.

In Tennessee, territorially and politically, counties are integral parts of the State. They are created for civil administration, in keeping with the policies of the State, and with such powers as may be delegated and conferred upon them, and they serve as agencies of the State for the purposes specified, subject to such liabilities only as are imposed upon them by law. 14 Am.Jur., Counties sec. 3, page 185. *Burnett v. Maloney,* 97 Tenn. 697, 37 S.W. 689, 34 L.R.A. 541; *State ex rel. Citizens of Wilson County v. Lebanon & Nashville Turnpike Co.,* 151 Tenn. 150, 268 S.W. 627; *Lee v. Davidson County,* 158 Tenn. 313, 13 S.W.2d 328. The first of such cases probably is that of *Wood v. Tipton County,* 66 Tenn. 112.

Since the *Tipton County* case was decided in the early history of this State all of the judicial decisions have been to the effect that the counties were immune from tort actions against them. Of course, there are exceptions along the line of nuisance actions and things of that kind where under certain circumstances actions were allowed against the county. This Court though in *Buckholtz v. Hamilton County,* 180 Tenn. 263, 174 S.W.2d 455, attempted to strike down such holdings and over-ruled the case of *Chandler v. Davidson County,* 142 Tenn. 265, 218 S.W. 222, which had held that the county was liable for a nuisance in the construction and maintenance of a ditch apart from the road and not in the building of the road. The Court in the *Buckholtz* opinion, supra, rested that opinion primarily upon a former opinion of the Court, that of *Odil v. Maury County,* 175 Tenn. 550, 552, 136 S.W.2d 500, 501, wherein this Court relied upon a statement from 14 Am.Jur. to the effect that counties

being organized for public purposes are a branch of the State government and are immune from suit. Insofar as the parties here are concerned there is no conflict in the proposition that a county is immune from tort action for personal injuries resulting from negligent construction, maintenance or operation of its streets, roads and highways.

■■ The contrary though as to the liability of a city or municipal corporation has been held by the courts of this State. In 1839 in *Humes v. Mayor, etc., of Town of Knoxville,* 20 Tenn. 403, this Court first held that a municipal government is the proprietor of its streets which it holds in trust as easements for the benefit of the citizens, and which it has the power to grade, pave and otherwise improve, and about this same time in *Mayor and Aldermen of Memphis v. Lasser,* 28 Tenn. 757, this Court referring to the *Humes* case, supra, said this:

"Their charter is a special franchise for the private benefit and emolument of the city of Memphis, although the public may no doubt be benefited by it. It was held by this court in the case of *Humes v. Mayor and Aldermen,* (1 Hump. 403) that a municipal corporation, for the government of a town or city, is the proprietor of the streets, which it holds as easements, in trust, for the benefit of the corporation; and which it has the power to grade, pave or otherwise improve. And it is well settled at this day, both in England and America, that such a corporation is liable to be sued in actions of tort in like manner as natural persons. Angel and Ames on Corporations, 328, 334. In the case of *Yarbrough v. Bank of England,* (16 East. 6,) which was an action of trover, it was moved in arrest of judgment, that the action, being founded in tort, would not lie

against a corporation. But Lord Ellenborough, Ch. J., held, that whenever a corporation is competent to do, or order to be done, any act on its behalf, it is liable for the consequences of such act, if it be of a tortious nature, and to the prejudice of another. The same general proposition is maintained by Marshall, Ch. J., [*Fowle v. Common Council*], 3 Peters R. [398] 409 [7 L.Ed. 719]. And it is said to be the policy of the present day, especially in the United States, where corporations for various purposes are becoming so numerous, to attach to them the same liabilities to which natural persons are subject; and that they are so held liable. Angel and Ames on Corp., 333; [*Bushel v. Commonwealth Ins. Co.*] 15 Serg. and Rawle R. [Pa.] 173. Municipal corporations are likewise liable for the wrongful acts and neglects of their servants and agents, upon the same grounds, in the same manner, and to the same extent as natural persons. Angel and Ames, 250; [*Chestnut Hill & Spring House Turnpike Co. v. Rutter*] 4 Serg. and Rawle [Pa.] 6; [*Bailey v. Mayor, etc., of City of New York*] 3 Hill R. [N.Y.] 531; [*Thayer v. City of Boston*] 19 Pickering R. [Mass.] 513. This proposition is equally clear upon principle and authority. It is the duty of the corporation to exercise proper care and prudence in the selection and employment of suitable agents and servants; to retain the requisite degree of control and superintendence over them in the performance of their duties; to enforce such measure of vigilance and care as will guard against all unusual or unreasonable exposure to injuries of any kind; all this they may and ought to stipulate for, and exact from those in their employ. And they will not be permitted to shield themselves from the consequences of their own gross neglect of

duty, by turning the injured party round to seek redress from the irresponsible agent or servant."

We have quoted this opinion rather extensively, as the reasoning of this Court over a hundred years ago is more applicable today that it was then and has been followed by judicial opinions of this Court since that time.

In *Humes v. Mayor, etc., of Town of Knoxville,* supra, the Court stated why a municipal corporation would be liable thus:

"From these authorities the necesary conclusion is that every proprietor of land, where not restrained by covenant or custom, has the entire dominion of the soil and the space above and below to any extent he may choose to occupy it, and in this occupation he may use his land according to his own judgment, without being answerable for the consequences to an adjoining owner, unless by such occupation he either intentionally or for want of reasonable care and diligence inflicts upon him an injury."

This reasoning of a hundred years ago is equally applicable today. See such cases as *Fleming v. City of Memphis,* 126 Tenn. 331, 148 S.W. 1057, 42 L.R.A.,N.S., 493; *Mayor, etc., of City of Knoxville v. Bell,* 80 Tenn. 157; and many more that may be found upon Shepardizing any of these, such as *City of Winchester v. Finchum,* 201 Tenn. 604, 301 S.W.2d 341; *City of Memphis v. McCrady,* 174 Tenn. 162, 124 S.W.2d 248; *Vinson v. Fentress,* 33 Tenn.App. 359, 232 S.W.2d 272; and *City of Nashville v. Brown,* 25 Tenn.App. 340, 157 S.W.2d 612.

The reasons given for the immunity of the counties may be found in a number of cases, such as *Vance v.*

*Shelby County,* 152 Tenn. 141, 273 S.W. 557, wherein the case of *McAndrews v. Hamilton County,* 105 Tenn. 399, 58 S.W. 483, is cited and a number of reasons are quoted from it of why the county should not be liable, and it is on some of these reasons that the Metropolitan Government here relies, that is, that there are no funds set up out of which such actions as here brought might be paid. But taking it by and large the whole defense is based purely upon governmental immunity, that there is no provision in the statutes and constitution where a State may be sued for tort. The reasoning back of all of this is that in the maintenance of roads, streets and sidewalks in the county the Metropolitan Government was exercising the function of a sovereign, which was delegated to it by the State, and as such was not liable. See *Fryar v. Hamilton County,* 160 Tenn. 216, 22 S.W.2d 353. We also have a line of cases wherein counties and corporations that are in that capacity, having school districts and things of the kind, have taken insurance out for buses and suits have been permitted to the extent of the insurance. In this State we have generally held that an action may be maintained up to the amount of the insurance. See *Wilson v. Maury County Board of Education,* 42 Tenn. App. 315, 302 S.W.2d 502, and authorities therein cited. This general immunity of counties is stated in 25 Am. Jur., Highway, sec. 346, p. 638, thus:

> "In the absence of statute, an action of tort for injuries from defective highways cannot be maintained against the state. Nor, generally, in the absence of statutory authorization, may such an action be maintained against quasi-municipal corporations, such as counties and townships."

 Sovereign immunity is a specific term limited in its application to the State and to the departments, commissions, boards, institutions and municipalities of the State. The reason is the State is the only sovereignty in our system of government, except as the State delegates part of its sovereignty to the Federal government. We in Tennessee are governed by the common law unless changed by statute. Under the common law the sovereign was immune from suit by a subject. Thus it is, since there are no statutes changing this as to counties, no suit can be brought for such an action. But is the suit here in view of the corporate existence of the Metropolitan Government a suit against the county as it was prior to the time the City of Nashville and Davidson County were made into this governmental unit? That is the question that controls here.

What the Metropolitan Government relies upon in its position here is that the same reasons apply which were stated heretofore, that Davidson County would not have been liable prior to creation of the Metropolitan Government and, since the accident happened outside the original corporate limits of the City of Nashville, the creation of the Metropolitan Government does not give the defendant in error the right to file a cause of action for such injuries. The creation of this new Metropolitan Government is authorized by statute, T.C.A. sec. 6-3701 et seq. In T.C.A. sec. 6-3711, creating the Metropolitan Government known as a public corporation, and in sub-section (d) of this section it is stated it is capable of suing and being sued, purchasing, receiving and holding property, etc. Then two geographical districts are adopted in sub-section (e) of the Charter. There is the general services district, which is the total area of the county; and then

the urban services district which consists originally of the total area of the city at the time of the filing of the proposed Charter.

■ The action here was for an accident that happened outside the urban services district, and it is argued by the defendant in error that the same standard of care and responsibility resulting from owning and using these streets and steps should be applied outside the city as are applied to municipal corporations. Under the creation of this Metropolitan Charter for Nashville and Davidson County a new government entity was created by the government of said city and county, and the old government of the city and county ceased to exist. *Frazer v. Carr*, 210 Tenn. 565, 360 S.W.2d 449. As we view this creation of a new public corporation under the Charter, as adopted, the former immunities which the county had as a branch of the State, referred to many times heretofore in this opinion, are lost and the whole of this metropolitan area now has the same liabilities attached to it as the various cities and municipalities of the State formerly had. By this corporation it has, so to speak, divorced itself from the governmental immunities, above referred to, that it had as a county prior to such corporation. The principles of liability for it, as stated and quoted from the *Humes* case, supra, and the reasons therefor certainly apply to this part outside the city as well as they do to the part within the city. The question of fixing taxes and such things is now done in an entirely different way and is entirely different than when it was governed by the Justices of Peace who made up the governing body of the county.

■ As we see it, it has now lost its immunity under this Charter, and the Metropolitan Government of Nash-

ville and Davidson County has now taken on the characteristics of a city and exercises and performs most of the services rendered by municipal corporations. It is for this reason that we feel that the same principles applicable to a city as to liability under such a situation is applicable to the whole of this Metropolitan Government. The effect of thus creating this Metropolitan Government is to invest the government authorities with the power of local government over the inhabitants of the entire area. Such an act confers powers which did not exist before. It confers on the governing authorities of this body the power of levying taxes and passing local laws for the purposes named in the act.

For the reasons herein stated, we must affirm the action of the lower court, and it is thus so affirmed.

## On Petition to Rehear

Counsel for the Metropolitan Government have filed herein a very dignified, respectful and forceful petition to rehear. This petition in essence argues that by our opinion we are reversing a portion of the first case upholding the charter of the Metropolitan Government of *Frazer v. Carr,* 210 Tenn.565, 360 S.W.2d 449, when we say that the Metropolitan Government is a municipal corporation throughout the entire area of its General Service District.

We, in studying this matter before we wrote our original opinion, considered very carefully this proposition and read and reread the *Carr* case, even though the writer of this opinion participated in the *Carr* case. We concluded that there was no conflict, but by the creation of this Corporation for reasons stated in our original opinion that Corporation was liable for torts which hap-

pened on the sidewalks in the General Service District, and that the Metropolitan Government here was no longer protected by the doctrine of sovereign immunity from such tort action arising out of the negligent construction of the sidewalk.

We have considered the questions here argued, and we find nothing new. No new authorities are cited in this petition to rehear. We have again read our original opinion as well as *Frazer v. Carr,* supra, and think for the reasons stated in the original opinion the conclusions there reached are sound and correct.

Finding nothing new in this petition to rehear and finding nothing to change our reasoning in the original opinion, the petition to rehear is overruled and denied.