## IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 31, 2018 Session

## MICHAEL MORTON v. KNOX COUNTY SHERIFF'S DEPARTMENT, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-383-16        Kristi M. Davis, Judge**

_____

**No. E2017-02077-COA-R9-CV**

_____

The plaintiff brought this action under Tennessee Code Annotated section 40-33-215 after a Knox County deputy seized a vehicle in which the plaintiff had a perfected security interest. The Tennessee Department of Safety and Homeland Security and Knox County both filed motions to dismiss the complaints against them on sovereign immunity grounds. After the motions to dismiss were denied, permission to appeal under Rule 9 was granted. In this interlocutory appeal, we have been asked to determine whether the trial court properly ruled on the sovereign immunity issue. After review, we affirm the trial court's denials of the motions to dismiss and remand this matter to the trial court for further proceedings.

### Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J. and D. MICHAEL SWINEY, C.J., joined.

James Myers Morton, Deputy Law Director, Knoxville, Tennessee, for the appellant, Knox County, Tennessee, and Knox County Sheriff's Department.

Herbert H. Slatery, III, Attorney General & Reporter, Andree S. Blumstein, Solicitor General, and Michael A. Meyer, Special Counsel, Nashville, Tennessee, for the appellant, Tennessee Department of Safety and Homeland Security.

Herbert S. Moncier, Knoxville, Tennessee, for the appellees, Michael J. Morton, and Travelers Casualty & Surety Company of America.

**OPINION**

**I.  BACKGROUND**

On February 9, 2016, Knox County Sheriff's Deputy D'Brian Varnado ("Deputy") seized a 1999 Honda Accord from Lyndsay Allred ("Driver") after determining that she was driving on a suspended Tennessee license in violation of Tennessee Code Annotated section 55-50-504.  The plaintiff, Michael Morton, was the holder of a perfected security interest in the vehicle that was recorded on the automobile's title.

As required by Tennessee Code Annotated section 40-33-203(a),[1] on February 9, Deputy prepared a notice of seizure upon taking possession of the automobile.  Tennessee Code Annotated section 40-33-203(a) provided as follows:

> (a)  Upon effecting a seizure, the seizing officer shall prepare a receipt titled a "Notice of Seizure."  The notice of seizure shall be a standard form promulgated by the applicable agency.  The applicable agency may adopt an existing notice of seizure form.

The standard form notice of seizure adopted by the "applicable agency," the Tennessee Department of Safety and Homeland Security ("Department"), required Deputy to record the perfected security interest of Morton that was recorded on the title and of public record.  Instead, Deputy indicated that there were no lienholders on the vehicle.

Tennessee Code Annotated section 40-33-204(a) required:

> (a) Once personal property is seized pursuant to an applicable provision of law, no forfeiture action shall proceed unless a forfeiture warrant is issued in accordance with this section by a general sessions, circuit, criminal court or popularly elected city judge.  The forfeiture warrant shall authorize the institution of a forfeiture proceeding under this part. . . .

On February 10, 2016, Deputy appeared before a Knox County Magistrate for a hearing and obtained a forfeiture warrant for the seized vehicle.  Tennessee Code Annotated section 40-33-204(b) states:

> (b)(1)  Any affidavit in support of a forfeiture warrant shall be sworn to and state the following:

---

[1] Several provisions of the forfeiture procedures were revised effective October 1, 2018.

(A) The legal and factual basis making the property subject to forfeiture;

. . . .

(C) If the interest of a secured party with a duly perfected security interest as reflected in the public records of titles, registrations or other recorded documents, is sought to be forfeited, the affidavit shall state with particular specificity the officer's probable cause that the secured party's interest in the property is nevertheless subject to forfeiture as well as the legal and factual basis for forfeiture of the interest.

According to Morton, Deputy failed to comply with his duty in section 40-33-204(b)(1)(C), as Deputy swore under oath that:

A search of the title history and testimony from witnesses has established that <u>none</u> has a ownership, co-ownership or secured interest in the seized property which is not subject to forfeiture.

In accordance with Tennessee Code Annotated section 40-33-204(f)(1)-(3), Department's approved form for forfeiture warrants required the following testimony from Deputy at the hearing for a forfeiture warrant:

(f) If a secured party's interest is sought to be forfeited, the judge shall put the seizing officer under oath and ask the following questions:

(1) What is the officer's probable cause that the secured party is a co-conspirator to the activity making the property subject to forfeiture;

(2) Did the secured party at the time the interest attached, have actual knowledge of the intended illegal use of the property; and

(3) Any other question deemed necessary to determine the legal and factual basis for forfeiture of the secured party's interest.

Morton's publicly recorded perfected security interest in the vehicle was not noted in Deputy's affidavit and forfeiture warrant. Thus, Deputy did not testify as to the requirements above relating to Morton's publically recorded security interest in the vehicle. Had Deputy informed the magistrate of Morton's security interest, he would

have been required to establish probable cause in his section 40-33-204(b) affidavit and his section 40-33-204(f) testimony that there was a legal and factual basis to forfeit Morton's security interest. Morton contends that but for "the dishonest, willful, and/or false statements" made by Deputy, the magistrate would not have issued a forfeiture warrant and Knox County would have been required to release the vehicle to Morton and proceed only to forfeit any interest that Driver had over and above that of Morton.[2]

On February 11, 2016, the forfeiture warrant and supporting affidavit were provided to Department, the "applicable agency" charged with conducting the administrative forfeiture proceeding for the property. *See* Tenn. Code Ann. § 40-33-202(1). After the receipt of the warrant, Department initiated administrative forfeiture proceedings.

According to Morton, he was not initially notified by Department that a forfeiture warrant had been issued. Instead, he learned of the vehicle's seizure from Driver. Morton contacted Department and was told that he would have to wait to obtain the vehicle. On February 23, 2016, he received a letter from Department stating that the "forfeiture warrant ha[d] been issued against property in which [he] ha[d] been identified as having a security interest." The letter noted that the vehicle "will be forfeited and subject to public sale or other lawful disposition after thirty (30) days . . . unless" Morton filed "a copy of the title … and the security agreement encumbering the seized vehicle." Morton was informed that "[f]ailure to properly file a copy of the title and security agreement in a timely manner acts as a waiver of any security interest" he possessed in the vehicle.

On March 23, 2016, Morton filed a formal claim for the vehicle as the secured party and, on April 11, 2016, provided an affidavit with: 1) Bill of Sale of the automobile, 2) Odometer Disclosure Statement, 3) Promissory Note, and 4) Title to the vehicle with the security interest of Morton. Department nevertheless continued to assert that the vehicle was subject to forfeiture, contending that Morton "did not have a notarized security agreement."

On June 8, 2016, an ALJ ordered that disposition of the vehicle be made subject to the lien interest of Morton. *See In The Matter of Dept. of Safety and Homeland Security v. One 1999 Honda Accord*, Claimant Michael Morton, Docket No. 19.01-137424J, Case No. R5427. The ALJ ruled that he was "unable to locate a requirement in the UCC that a security agreement be notarized" and that "[i]t is unclear why the Department insisted [Morton] produce such." Specifically, the ALJ noted as follows:

> The Department offers nothing to rebut [Morton]'s proof. . . .
> Oddly, the Department challenges [Morton]'s standing to file

---

[2]The magistrate never issued a forfeiture warrant for Morton's security interest.

- 4 -

his claim even in light of the overwhelming proof he brings in support of his lienholder interest. [Morton]'s proof showing he has a perfected lien on this vehicle necessar[il]y encompasses the right to assert a claim to protect his interest rendering the standing issue moot.

Despite the ALJ's ruling, Department did not notify Knox County to release the vehicle to Morton until July 11, 2016.

On August 18, 2016, Morton brought this action against Knox County and Department for damages, attorney fees, and costs pursuant to Tennessee Code Annotated section 40-33-215, which imposes liability upon the seizing agency when the seizing officer acts in bad faith in seizing property or in failing to return seized property. Morton noted that instead of his protected security interest being adjudicated at the forfeiture warrant hearing one day after the seizure, he was required to adjudicate that same issue in a contested case with Department. According to Morton, it took 174 days for him to obtain his right to the possession and ownership of the vehicle. Knox County and Department ultimately filed motions to dismiss Morton's lawsuit, arguing sovereign immunity barred the suit and precluded jurisdiction. The trial court denied the motions to dismiss on June 21, 2017. The court noted as follows:

> [I]f I accept both of the Defendants' positions, I think nobody is ever liable for any sort of wrong under this statute. I think that's where I end up. I think, clearly, that's not what the purpose of this statute is.
>
> First, with respect to [Department], their basic argument is that they are not a seizing agency under 40-33-215. We know they are a seizing agency or capable of being one under the definition that's provided in Section 102(a), but they're saying that, for purposes of this case, they can't be considered a seizing agency.
>
> And I would go back to – and, of course, the response of [Morton] is that they're the agent of Knox County and/or that you can have two seizing agencies.
>
> And what the statute says is it provides a cause of action against a seizing agency if the seizing officer acted in bad faith in seizing or in failing to return the property seized.
>
> And so given what we have pled in this complaint, we kind of have two separate scenarios, I guess. One, we've got the

allegation that the initial seizing officer – or agency, I guess. The officer being the Knox County Deputy – acted in bad faith in his affidavit responding to the questions, what have you, that there was no lien.

So we've got that, but we've also got the allegation in the complaint that [Department], when it received notice from [Morton] that there was a valid lien, acted in bad faith in failing to return the property seized.

So when I consider what's alleged in the complaint with the language of the statute, I do think the complaint states a claim for liability under the statute.

***

. . . [M]oving on to Knox County's motion to dismiss, that is based on . . . the argument that there was no intent to forfeit the security interest. So, therefore, there was no probable cause required, or there was no requirement that they provide notice of the seizure.

And also, of course, the argument is that there are no damages in this case, because Mr. Morton has said that the same thing would have happened to the property regardless. He would have still had to wait the same time and had the depravation of the property for that period of time.

And I think to go there goes into issues that are beyond what I have in front of me to make this determination. What I'm making this determination on is, of course, on motions to dismiss, is what's pled in the amended complaint.

And that is that this officer made dishonest, willful or false statements that there were no lienholders on the vehicle. And that as a result of that, the vehicle forfeiture process continued on to … Department … where [Morton] then had to litigate the issue of whether or not he was a lienholder.

And the complaint, as I read it, says that if the officer – I guess it's but for the officer's actions with regard to this representing that there were no lienholders, then these things would not have occurred.

And so I think the amended complaint, as it is in front of me, does make out a claim under the statute that this seizing officer acted in bad faith and does state a claim for damages.

And that's, of course, all I'm deciding on a motion to dismiss when I read this complaint, "Is there a claim there?" And I find that there is both as to [Department] and as to Knox County.

On September 8, 2017, the trial court granted the interlocutory appeals sought by Knox County and Department. On December 19, we allowed the Rule 9 application.

## II. ISSUES

As this court has previously explained, "[f]or interlocutory appeals the only issues that can be raised are those certified in the trial court's order granting permission to seek an interlocutory appeal and in the appellate court's order granting the interlocutory appeal." *Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 914 (Tenn. Ct. App. 2000). Therefore, this appeal presents the following issues for our review, as certified by the trial court:

A) Whether Knox County's sovereign immunity can be removed by a plaintiff alleging a Tennessee Code Annotated section 40-33-215 bad faith seizure cause of action when the plaintiff's interest as a "secured party" in the seized vehicle is unaffected by the seizure and otherwise protected?

B) Whether Tennessee Code Annotated section 40-33-215 waives the sovereign immunity of the Department of Safety and Homeland Security in an administrative forfeiture proceeding in which Department was the "applicable agency" conducting the proceedings pursuant to Tennessee Code Annotated sections 40-33-201 through 40-33-216.

## III. STANDARD OF REVIEW

Our standard of review in this interlocutory appeal involving a question of law is de novo with no presumption of correctness. *See Myers v. AMISUB(SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012) (citing *Graham v. Caples*, 325 S.W.3d 578, 581 (Tenn. 2010)). We examine the legal sufficiency of Morton's complaint and do not consider the strength of his evidence; that is, we accept the complaint's factual allegations as true and construe them in Morton's favor. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894

(Tenn. 2011) (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

## IV. DISCUSSION

**40-33-215. Cause of action against seizing authority in cases of bad faith.**

(a) A person who has property seized in accordance with this part shall have a cause of action against *the seizing agency* if *the seizing officer* acted in bad faith in seizing or failing to return property seized pursuant to this part.

(b) A person who prevails in an action against a seizing agency pursuant to this section shall be entitled to:

(1) Reasonable attorney fees and court costs necessarily incurred in seeking the return of the seized property and in bringing the action pursuant to this section; and

(2) Monetary damages resulting from the improper seizure of the property.

(c) Monetary damages recoverable under this section shall be limited to the rental value of property similar to that which was seized for the period of time it was seized but in no event shall the damages exceed the value of the seized property.

(d) For the purposes of this section, a seizing officer "acts in bad faith" when the officer acts intentionally, dishonestly, or willfully or the officer's actions have no reasonable basis in law or fact in regards to the seizure or failure to return the property seized.

Tenn. Code Ann. § 40-33-215 (emphasis added).

Department argues that "sovereign immunity generally extends to state agencies and state officers acting in their official capacity." *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 849 (Tenn. 2008). It further asserts that the trial court was wrong to conclude that section 40-33-215 operates as a waiver of Department's sovereign immunity. Department contends that the statute's plain language imposes liability on seizing agencies for the wrongful acts of seizing officers, and that under the statutory scheme for administrative forfeitures of personal property set forth in Tennessee Code Annotated sections 40-33-201 to -215, a seizing officer is the law enforcement officer

who initiates a forfeiture by the physical seizure of the property, issues the notice of seizure, and obtains the forfeiture warrant. Tenn. Code Ann. §§ 40-33-203, -204. According to Department, it was not the seizing agency in this case because it took no such action. Rather an officer of Knox County physically seized the property, issued the notice of seizure, and obtained the forfeiture warrant. Department claims that its only role in this case was to conduct the administrative forfeiture proceedings upon receipt of the forfeiture warrant, an action entirely separate and distinct from the seizure of the property. Therefore, Department argues that section 40-33-215 imposes no liability on the "applicable agency" conducting the administrative forfeiture proceeding and cannot operate to waive its sovereign immunity in this case.

Knox County argues that Morton does not allege that he was a "person who has property seized," and that section 40-33-215(a) only provides a private right of action and removes sovereign immunity for a "person who has property seized." Knox County further asserts that Morton's security interest was unaffected by the statements made in the affidavit for forfeiture warrant. As for Morton's claims concerning the failure to return the vehicle, Knox County admits that Department assumed jurisdiction over the seizure after Knox County delivered the notice of seizure, affidavit for forfeiture warrant, and forfeiture warrant to it.

According to Morton, Knox County's Deputy was the initial seizing officer, but Department became the seizing authority and/or seizing agency after it refused to terminate forfeiture proceedings required by § 40-33-204(g) to release the vehicle to Morton where there was no legal or factual basis to forfeit Morton's security interest. Morton contends that Department was a *de jure* and/or *de facto* seizing authority or seizing agency within the meaning of section 40-33-215. He notes that there was no determination by a judge, at a forfeiture warrant hearing, that Morton's security interest was subject to forfeiture. Morton asserts that Department sua sponte instituted forfeiture proceedings against his security interest, without any prior authority by a judge, in violation of section 40-33-204(a).

Governmental entities in Tennessee possess sovereign immunity from suit except "in such manner and in such courts as the Legislature may by law direct." *See* Tenn. Const. art. I, § 17; *see also Davidson v. Lewis Bros. Bakery*, 227 S.W.3d 17, 19 (Tenn. 2007); *Metro. Gov't of Nashville & Davidson Cnty. v. Allen*, 415 S.W.2d 632, 635 (Tenn. 1967). As we recently noted in *H Group Construction, LLC v. City of LaFollette*,

> The doctrine of sovereign immunity has been part of the common law of Tennessee for well over a century and provides that suit may not be brought against a governmental entity unless that governmental entity has consented to be sued. The doctrine originated in feudal notions of the divine right of kings, as the king "'was at the very pinnacle of the

- 9 -

power structure and was answerable to no court[.]'" The longstanding rule of sovereign immunity is embodied in the Tennessee Constitution, which provides, "Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tenn. Const., Art. I, § 17. In addition, Tennessee Code Annotated section 20-13-102(a) provides, "No court in the state shall have any power, jurisdiction or authority to entertain any suit against the state . . . with a view to reach the state, its treasury, funds or property, and all such suits shall be dismissed[.]" . . .

"Under both the common law doctrine and the constitutional provision, 'governmental entities may prescribe the terms and conditions under which they consent to be sued, . . . including when, in what forum, and in what manner suit may be brought.'" Our state constitution specifically empowers the legislature – not the judiciary – to waive the protections of sovereign immunity. "The General Assembly undoubtedly has control over the 'manner . . . and courts' in which suits against governmental entities may be pursued."

The "traditional construction" of Tennessee's constitutional provision regarding sovereign immunity "is that suits cannot be brought against the State unless explicitly authorized by statute." In other words, "'legislation authorizing suits against the state must provide for the state's consent in 'plain, clear, and unmistakable' terms.'" Courts will not find a waiver of sovereign immunity "'unless there is a statute clearly and unmistakably disclosing an intent upon the part of the Legislature to permit such litigation.'"

*Id.*, No. E2018-00478-COA-R9-CV, 2019 WL 354973, at *4-5 (quoting *Bratcher v. Hubler*, 508 S.W.206, 208-09 (Tenn. Ct. App. 2015)) (internal citations omitted).

Whether sovereign immunity has been waived is a question of statutory interpretation, and the "primary focus must be on the words chosen and enacted by the legislature." *Mullins v. State*, 320 S.W.3d 273, 283 (Tenn. 2010). Any "waiver of sovereign immunity must be explicit, not implicit." *Colonial Pipeline*, 263 S.W.3d at 853. As with all questions of statutory construction, whether a particular statute operates as a waiver of sovereign immunity is a question of law. *See State v. Wells*, 62 S.W.3d 119, 121 (Tenn. 2001) ("[i]ssues of statutory interpretation are questions of law.").

- 10 -

When construing statutes, our task is to "'ascertain and give effect'" to the Tennessee General Assembly's intent "'without unduly restricting or expanding;'" the coverage of a statute beyond its intended scope. *Sallee v. Barrett*, 171 S.W.3d 822, 828 (Tenn. 2005)(quoting *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002)). We look to the "plain and ordinary meaning of the statutory language" used to derive the legislature's intent. *Id.* We must construe the words used "in the context in which they appear in the statute and in light of the statute's general purpose." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 414, 426 (Tenn. 2010).

We have been presented with a single issue for review: does section 40-33-215 remove sovereign immunity from Knox County and Department being sued pursuant to the statute. We find that sovereign immunity as to both is removed. The trial court's interpretation of the statute is correct.

As noted by the trial court, both Knox County and Department claim sovereign immunity. If both are correct, section 40-33-215 has no meaning. The statute, on its face, removes Knox County's sovereign immunity. Department could be liable to Morton if it acted in bad faith in refusing to release the seized property after discovering the valid lien. Both could be "seizing authorities" within the meaning of section 40-33-215. In *Watson v. Tenn. Dep't of Safety*, 361 S.W.3d 549, 556 (Tenn. Ct. App. 2011), this court, speaking through then Judge, now Justice Holly Kirby, held that a claim against Department under section 40-33-215 was proper for the wrongful deprivation of property ("We agree with the trial court below that had [plaintiff] prevailed in the forfeiture proceedings, he would have a claim against the Department of Safety under Tennessee Code Annotated § 40-33-215 for wrongful deprivation of his property.").[3]

Morton requests that we award attorney fees and costs for responding to this appeal. We find that the attorney fee claim is premature. This interlocutory appeal involves only the question whether the trial court erred in denying the motions to dismiss on sovereign immunity grounds. The question whether Morton has prevailed in his action and is entitled to attorney fees is not before the court.

## V. CONCLUSION

For the foregoing reasons, we affirm the trial court's denial of the motions to dismiss by Knox County and Department on the sole issue of sovereign immunity. We remand this matter for further proceedings. Costs on appeal are assessed to Knox County

---

[3] *Watson* has been abrogated on other grounds by *State v. Sprunger*, 458 S.W.3d 482 (Tenn. 2015) (Kirby, J.).

and the Department of Safety and Homeland Security.

_____
JOHN W. MCCLARTY, JUDGE