IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 7, 2020 Session

## EDWARD RONNY ARNOLD v. BOB OGLESBY, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 17C133   Thomas W. Brothers, Judge**

_____

**No. M2019-01881-COA-R3-CV**

_____

This is the second appeal of this case involving a former state employee's claim for alleged unpaid holiday compensation.  In 2015, pursuant to statutory authority, the governor decided that the State would observe the Columbus Day holiday on Friday, November 27, 2015, instead of on Monday, October 12, 2015.  Plaintiff, who was an employee of the Tennessee Department of General Services in 2015, was terminated through a reduction-in-force, and his last day of pay, prior to the holiday, was Tuesday, November 24, 2015.  Plaintiff filed a civil warrant in general sessions court, arguing that he did not receive the substituted Columbus Day holiday compensation despite having worked on October 12, 2015.  The Department filed a motion to dismiss on the basis of sovereign immunity, which the general sessions court granted.  Plaintiff then filed a *de novo* appeal to the circuit court, where the Department filed another motion to dismiss on sovereign immunity grounds, which was also granted.  On the first appeal to this Court, however, we reversed the granting of the motion to dismiss and remanded the case back to the circuit court.  Ultimately, the Department filed a motion for summary judgment with supporting affidavits, again on the grounds of sovereign immunity, which the circuit court granted.  Having concluded that the Department proved, by undisputed facts, the necessary criteria for sovereign immunity to apply, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined

Edward Ronny Arnold, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Taylor William Jenkins, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee - Civil.

# OPINION

## BACKGROUND AND PROCEDURAL HISTORY

This is the second appeal of this case between Edward Arnold ("Plaintiff") and Bob Oglesby, the Commissioner[1] of the Department of General Services ("DGS") (together, "Defendant") at the time the initial complaint was filed. On November 26, 2016, Plaintiff, appearing *pro se*, filed a Civil Warrant in the Davidson County General Sessions Court against Commissioner Oglesby, in his official capacity, for failing to pay Plaintiff for the 2015 Columbus Day holiday, alleging a violation of Tennessee Code Annotated section 4-4-105.[2] On December 30, 2016, Defendant responded by filing a Motion to Dismiss for lack of subject matter jurisdiction based on sovereign immunity in the General Sessions Court. In its memorandum in support of the Motion to Dismiss, Defendant summarized Plaintiff's issue—as well as a background of the relevant facts— as follows:

> Plaintiff states that he was required to work on Columbus Day, October 12, 2015. Tennessee Code Annotated § 4-4-105(a)(3) provides that, "The governor may, at the governor's discretion, substitute the Friday after the fourth Thursday in November, which is Thanksgiving Day, for the legal holiday that occurs on the second Monday in October, which is Columbus Day, for purposes of closing state offices only." Plaintiff's employment with the State of Tennessee was terminated on November 24, 2015, three days before the day on which the Columbus Day holiday was substituted.

---

[1] In January 2019, Christi Branscom succeeded Bob Oglesby as the Commissioner of the Department of General Services. Commissioner Branscom is therefore automatically substituted for Commissioner Oglesby as the defendant in this case pursuant to Tennessee Rule of Appellate Procedure 19(c), which provides as follows:

> When an officer of the state, a county, a city or other governmental agency is a party to an appeal or other proceeding in the appellate court in the officer's official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, *but any misnomer not causing harmful error shall be disregarded*.

Tenn. R. App. P. 19(c) (emphasis added). Because Plaintiff's suit is actually against DGS, we decline to alter the style of the case. *See Bowden Bldg. Corp. v. Tennessee Real Estate Com'n*, 15 S.W.3d 434, 439 (Tenn. Ct. App. 1999) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.")).

[2] Specifically, the Civil Warrant stated the following: "Failure to comply with TCA 4-4-105(a)(1), pay wages for the Federal and State Holiday of Columbus Day. Plaintiff [was] required to work October 12, 2015, [and was] terminated November 24, 2015 but [was] not paid for holiday on November 27, 2015."

Plaintiff claims that, upon his termination, he was not compensated for the work he performed on Columbus Day, October 12, 2015.

On January 11, 2017, following a hearing, the General Sessions Court granted Defendant's Motion to Dismiss.

Plaintiff appealed the ruling to the Davidson County Circuit Court (the "trial court") pursuant to Tennessee Code Annotated section 27-5-108. Defendant again responded with a Motion to Dismiss for lack of subject matter jurisdiction based on sovereign immunity. A hearing was held on March 3, 2017, and, on March 29, 2017, the trial court entered an order dismissing Plaintiff's claims against Defendant. Specifically therein, the trial court held that "Tenn. Code Ann. § 20-13-102 prohibits this Court from entertaining suit against a state official acting by authority of the state" and that "[b]ecause Defendant is being sued as a state official acting in his official capacity, this Court lacks subject matter jurisdiction over the matter[.]" Plaintiff then filed his initial appeal to this Court on April 21, 2017.

On appeal, we first stated the crux of Plaintiff's argument: "[Plaintiff] maintains that he was not, but should have been, paid for the day of November 27, 2015, compensation which he allegedly earned by working October 12, 2015." *Arnold v. Oglesby, et al.*, No. M2017-00808-COA-R3-CV, 2017 WL 5634249, at \*2 (Tenn. Ct. App. Nov. 22, 2017) (hereinafter, *Arnold I*). Next, we explained that the sovereign immunity statute relied upon by Defendant "envisions three criteria that must be met for sovereign immunity to apply[,]" the second of which provides that "the officer 'must be acting by authority of the state.'" *Id.* at \*3 (quoting Tenn. Code. Ann. § 20-3-102(a)). In addressing the second criterion, we noted that, viewed in the light most favorable to Plaintiff, Plaintiff's allegation in his complaint that he should have been paid for his work on October 12, 2015 essentially constituted an allegation that Defendant "was not 'acting by authority of the state' by failing to pay [Plaintiff] his full wages." *Id*. We then concluded that, while Defendant maintained that he was acting by authority of the state, "he point[ed] this court to no statute or rule in support of his assertion." *Id.* Ultimately, we determined that "the complaint allege[d] facts that indicate[d] the second requirement of the statute was not met" and, thus, Defendant's sovereign immunity defense failed. *Id.* Accordingly, we reversed the trial court's granting of Defendant's Motion to Dismiss and remanded the case back to the trial court. *Id.*

Defendant subsequently filed a Motion for Summary Judgment accompanied by a Statement of Undisputed Material Facts and supporting affidavits[3] on October 2, 2019.

---

[3] The Defendant filed the affidavits of Thomas Chester, Deputy Commissioner of the Department of General Services, and Wendy Bentley, the Department's payroll officer. Attached to Mr. Chester's affidavit was the State of Tennessee Attendance and Leave Manual and attached to Ms. Bentley's affidavit was a memo from Rebecca Hunter, the Commissioner of the Tennessee Department of Human Resources, which provided that the Governor, pursuant to his authority, had substituted the day after

Therein, Defendant again argued, among other things, that it was entitled to sovereign immunity against Plaintiff's claim. In support of its argument, Defendant asserted the following: that, pursuant to Tennessee Code Annotated section 4-3-1101, DGS was an agency of the State of Tennessee at the time of the alleged offense; that DGS was acting on the authority of the State in determining that Plaintiff was not eligible for compensation on November 27, 2015 because, as a state agency and pursuant to Tennessee Code Annotated section 8-30-107(a), DGS is required to follow the rules, regulations, policies, and orders of the Tennessee Department of Human Resources ("DHR") regarding employee attendance, leave, and compensation; and that the monies sought by Plaintiff was property of the State of Tennessee.

In an order entered on September 25, 2019, the trial court granted Defendant's Motion for Summary Judgment, finding that "Defendant has demonstrated that he is entitled to sovereign immunity in this case, which would bar prosecution."[4] Plaintiff timely filed this appeal.

## ISSUES PRESENTED

As we perceive it, Plaintiff raises four issues for review on appeal, which we restate as follows:

1. Whether the trial court erred in ruling that Plaintiff's responses to Defendant's Motion for Summary Judgment were insufficient.
2. Whether the trial court erred in not requiring Defendant to provide evidence that it complied with DHR Rule 1120-06-.25(3).
3. Whether the trial court erred in requiring Plaintiff to use electronic filing.
4. Whether the trial court erred in not allowing three witnesses to testify.

Defendant raises one issue: whether the trial court properly granted summary judgment to Defendant on Plaintiff's claim that Plaintiff was not paid Columbus Day holiday compensation in 2015.

## STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for summary judgment *de novo* without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Accordingly, we must make a fresh determination of whether the requirements of Tennessee Rule of Civil Procedure 56 have

---

Thanksgiving for the Columbus Day holiday.
[4] Additionally, in its ruling, the trial court found that Plaintiff's responses to Defendant's Statement of Undisputed Facts were insufficient for purposes of Tennessee Rule of Civil Procedure 56.03 and "accordingly the Court . . . consider[ed] all of the statement of uncontested facts as being true and undisputed".

been satisfied. *Id.* In doing so, we consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

"Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Rye*, 477 S.W.3d 235, 250 (quoting Tenn. R. Civ. P. 56.04). When a defendant moves for summary judgment based on an affirmative defense such as sovereign immunity, the defendant "must establish the elements of the affirmative defense before the burden shifts to the nonmovant." *Jackson v. City of Cleveland*, No. E2015-01279-COA-R3-CV, 2016 WL 4443535, at \*3 (Tenn. Ct. App. Aug. 22, 2016) (citing *Carr v. Borchers*, 815 S.W.2d 528, 532 (Tenn. Ct. App. 1991)).

Once the moving party has made a properly-supported motion, the burden shifts to the nonmoving party to "set forth specific facts at the summary judgment stage showing that there is a genuine issue for trial." *Rye*, 477 S.W.3d at 265. A disputed fact is "material" if it "must be decided in order to resolve the claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.* Further, "the nonmoving party may not rest upon the mere allegations or denial of [its] pleading, but must respond, and by affidavits or one of the other means provided in [Tennessee Rule of Civil Procedure 56], set forth specific facts at the summary judgment stage showing that there is a genuine issue for trial." *Id.* (internal quotations omitted).

## DISCUSSION

As noted above, Defendant filed a Motion for Summary Judgment on October 2, 2019, arguing therein that it was entitled to sovereign immunity against Plaintiff's claim. The longstanding rule of sovereign immunity is embodied in the Tennessee Constitution, which provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tenn. Const., Art. I, § 17. In addition, Tennessee Code Annotated section 20-13-102(a) codifies the doctrine of sovereign immunity as follows:

No court in the state shall have any power, jurisdiction or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea or demurrer of the law officer of the state, or counsel employed for the state.

Tenn. Code Ann. § 20-13-102(a). In the context of sovereign immunity, "'[t]he State' includes 'the departments, commissions, boards, institutions and municipalities of the State.'" *Davidson v. Lewis Bros. Bakery*, 227 S.W.3d 17, 19 (Tenn. 2007) (quoting *Metro. Gov't of Nashville & Davidson County v. Allen*, 220 Tenn. 222, 415 S.W.2d 632, 635 (Tenn. 1967)). As we noted in *Arnold I*, Tennessee Code Annotated section 20-13-102(a) "envisions three criteria that must be met for sovereign immunity to apply." *Arnold I*, 2017 WL 5634249, at *2. First, "the actions must be a suit against the state or an officer of the state." *Id.* Second, "the officer must be 'acting by authority of the state.'" *Id.* at *3 (quoting Tenn. Code Ann. § 20-13-102(a)). Third, the damages being sought must attempt "to reach the state, its treasury, funds or property[.]" *See* Tenn. Code Ann. § 20-13-102(a).

As to the first criterion, it is undisputed that Plaintiff sued Bob Oglesby in his official capacity as Commissioner of the Department of General Services. *Arnold I*, 2017 WL 5634249, at *3. A review of the record reflects that, in the civil warrant filed in the Davidson County General Sessions Court, Plaintiff listed the Defendant as "Bob Oglesby, Commissioner Tennessee Dept. of General Services", and he listed the address for service at "Tennessee Department of General Services, 312 Rosa L. Parks Ave. Nash. TN 37243".[5] For purposes of sovereign immunity, a suit against a state officer in his official capacity is a "suit against the State." *Williams v. Nicely*, 230 S.W.3d 385, 389 (Tenn. Ct. App. 2007). Accordingly, a suit against Bob Oglesby in his official capacity is a suit against the Department of General Services, which was an agency of the State of Tennessee[6] at the time of the alleged incident. Therefore, Defendant established the first criterion of sovereign immunity.

As to the second criterion, Defendant argues that Commissioner Oglesby and DGS were "acting by authority of the state" in determining that Plaintiff was not eligible for holiday compensation in accordance with the rules of DHR. As a state agency, DGS is required to follow the rules of DHR regarding state employee attendance, leave, and compensation. *See* Tenn. Code Ann. § 8-30-104 (granting the Commissioner of DHR the authority and responsibility to develop personnel policies, methods, procedures, and standards for all state agencies); *id.* at § 8-30-107 (requiring all officers and employees of the state to comply with the rules, regulations, and orders established pursuant to Title 8, Chapter 30); *id.* at § 8-30-406 (providing the rules shall provide for "the hours, holidays, attendance regulations and leaves of absence in state service."). Further, DHR's State of Tennessee Attendance and Leave Manual provides that "[e]mployees must be in an active pay status for the major portion of their scheduled workday immediately preceding a holiday to be eligible for the benefits of that holiday."

---

[5] Moreover, there is nothing in the record that indicates Plaintiff ever amended his complaint to name Bob Oglesby in his individual capacity.

[6] *See* Tenn. Code Ann. § 4-3-1101 ("There is hereby created the department of general services.").

Here, it is undisputed that, on September 24, 2015, Rebecca Hunter, the Commissioner of DHR, released a memorandum regarding the 2015-2016 holiday schedule for state offices and state employees, which provided as follows: "Governor Haslam has designated the Columbus Day holiday to be observed on [Friday,] November 27, 2015, the day after Thanksgiving, so Columbus Day, October 12, 2015, will be a regular workday."[7] Thus, in order to have been eligible for Columbus Day holiday compensation, Plaintiff must have either worked or taken paid leave on November 25, 2015—which was "[the] scheduled workday immediately preceding [the] holiday." However, it is undisputed that Plaintiff's last day of employment was Tuesday, November 24, 2015.[8] Accordingly, Defendant applied DHR's rule and determined that Plaintiff was not eligible for Columbus Day holiday compensation because he was not a state employee on the last scheduled workday immediately preceding the holiday. Therefore, Defendant established the second criterion of sovereign immunity.

As to the third criterion, it is also undisputed that the alleged unpaid wages being sought by Plaintiff are property of the State of Tennessee. Because a suit against a state officer in his official capacity is a "suit against the State[,]" *Williams*, 230 S.W.3d at 389, any money judgment awarded to Plaintiff would come from the State, and not Commissioner Oglesby personally. Clearly, Plaintiff's suit comes within the purview of Tennessee Code Annotated section 20-13-102. Therefore, Defendant established, by undisputed facts[9], the "three criteria that must be met for sovereign immunity to apply[,]" *Arnold* I, 2017 WL 5634249, at *3, and we conclude that the trial court did not err in granting Defendant's Motion for Summary Judgment. All of Plaintiff's remaining issues are pretermitted.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
ARNOLD B. GOLDIN, JUDGE

---

[7] As noted above, Tennessee Code Annotated section 4-4-105(a)(3) grants the governor the discretion to "substitute the Friday after the fourth Thursday in November, which is Thanksgiving Day, for the legal holiday that occurs on the second Monday in October, which is Columbus Day, for purposes of closing state offices only." Tenn. Code Ann. § 4-4-105(a)(3).

[8] In fact, Plaintiff stated in the Davidson County General Sessions Court Civil Warrant that he was "terminated [on] November 24, 2015[.]"

[9] Additionally, we note that Plaintiff failed to submit any countervailing evidence to indicate that Defendant waived sovereign immunity.